Gasto.y, Judge.
The Court is of opinion that there was no such error in the instruction to the jury as to warrant a reversal of this judgment. We do not indeed hold that as the, deed to the lessor of the plaintiff called for a marked line, that this line wherever established, was the boundary of that deed. We agree with the counsel for the defendant that as the deed contained a double description “ along the river ” and “ a marked line,” the natural object was the more important description, controlled the marked line, and was in law the true boundary. But it does not follow that because the river has deserted the bed in which it flowed when that deed was executed, that'the boundary of the land of the lessor of the plaintiff has shifted with it. Admit that *64 such would have been the consequence if the river had receded from its southern bank by small and almost imper-ceptible gradations, a point upon which no opinion is intended to be expressed or intimated, this consequence does follow from changes by sudden and violent floods, 's stated to have been the fact in this case. The change of the bed of the river was made by freshets, which must, understand to be excessive floods producing violent visible changes ; and the charge of the Judge .is not to treated as ah abstract proposition, but as a practical instruction to aid the jury in applying the law to the case before them.
Per Cukiam. Judgment affirmed.